WOLF, J.
 

 We affirm but address one issue: whether appellant’s sentence of life in prison for first-degree premeditated murder, which he committed as a juvenile, violates federal and state prohibitions against cruel and unusual punishment.
 

 “[Cjases addressing the proportionality of sentences fall within two general classifications.”
 
 Graham v. Florida,
 
 — U.S.-,-, 130 S.Ct. 2011, 2021, 176 L.Ed.2d 825 (2010). “The first involves challenges to the length of term-of-years sentences given all the circumstances in a particular case.... The second classification of cases has used categorical rules to
 
 *635
 
 define Eighth Amendment standards.”
 
 Id.
 
 at 2021-22.
 

 Appellant’s life sentence for first-degree premeditated murder is not categorically barred because he was a juvenile. In
 
 Roper v. Simmons,
 
 543 U.S. 551, 578-579, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005), the Supreme Court found categorically the “imposition of the death penalty on offenders who were under the age of 18 when their crimes were committed” was unconstitutional, but affirmed a life sentence for the juvenile offender. Recently in
 
 Graham,
 
 the Supreme Court found categorically “[t]he Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who
 
 did not
 
 commit homicide.” 130 S.Ct. at 2034 (emphasis added).
 

 However, appellant argues his sentence was grossly disproportionate given the circumstances in his particular case. He notes that in a
 
 post-Miranda
 
 statement to police, he stated he was intoxicated at the time he committed the murder. He also notes during sentencing, his counsel asserted generally that he “may” have a mental disorder which testing would “probably” reveal.
 

 The State presented evidence that appellant, who was 16 years old at the time, killed the victim by stabbing him 12 times. The victim was a 49-year-old man in poor health who weighed only 108 pounds. In a
 
 post-Miranda
 
 interview, appellant told police he decided to seek out and kill the victim because he wanted revenge for a racist comment the victim previously made towards him.
 

 “[A] court’s proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions.”
 
 Solem v. Helm,
 
 463 U.S. 277, 292, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Courts “analyze [grossly disproportionate] claims with ‘substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes.’ ”
 
 Adaway v. State,
 
 902 So.2d 746, 748 (Fla.2005)
 
 (quoting Solem,
 
 463 U.S. at 290, 103 S.Ct. 3001).
 

 The Supreme “Court has held unconstitutional a life without parole sentence for the defendant’s seventh nonviolent felony, the crime of passing a worthless check. In other cases, however, it has been difficult for the challenger to establish a lack of proportionality.”
 
 Graham,
 
 130 S.Ct. at 2021 (citation omitted). In
 
 Adaway,
 
 902 So.2d at 751, the Florida Supreme Court found a life sentence for capital sexual battery of a child less than 12 years of age was not cruel and unusual punishment, noting the United States Supreme Court “has upheld a life sentence without the possibility of parole for the possession of 672 grams (about 1.5 pounds) of cocaine ... and a sentence of twenty-five years to life for shoplifting three golf clubs.” (Internal citations omitted). The court concluded, “[t]o classify Adaway’s life sentence without parole as grossly disproportionate, we would have to conclude that an adult’s oral union with the vagina of an eleven-year-old girl is an objectively
 
 lesser
 
 offense ... Adaway’s sexual abuse arguably constitutes a substantially
 
 greater
 
 offense.”
 
 Id.
 

 Therefore, to find appellant’s sentence is grossly disproportionate, this court would have to find the premeditated first-degree murder committed by appellant is an objectively lesser offense than possession of cocaine or shoplifting.
 
 *636
 
 Clearly, it is a substantially greater offense.
 

 Courts have similarly found a life sentence for first-degree murder is not grossly disproportionate. In
 
 Phillips v. State,
 
 807 So.2d 713, 717-18 (Fla. 2d DCA 2002), a 14-year-old defendant was convicted of the first-degree murder of his 8-year-old neighbor and sentenced to life in prison. The Second District found “the penalty of life imprisonment is not grossly disproportionate to the crime of first-degree murder,” reasoning, “[i]f, as Justice Kennedy’s opinion noted, ‘the crime of felony murder without specific intent to kill ... [is] a crime for which no sentence of imprisonment would be disproportionate,’ ... then the sentence of life imprisonment for the specific intent crime of first-degree murder cannot be disproportionate.”
 
 Id.
 
 at 718
 
 (quoting Harmelin v. Michigan,
 
 501 U.S. 957, 1004, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring)). The court found although the defendant’s “culpability may be diminished somewhat because of his age at the time of the commission of the crime, the factor of his age is outweighed by his heinous conduct and the ultimate harm-death-that he inflicted upon his victim.”
 
 Id.See also Tate v. State,
 
 864 So.2d 44, 54-55 (Fla. 4th DCA 2003) (finding a life sentence for a 12-year-old convicted of the first-degree murder of an 8-year-old was not grossly disproportionate, relying on
 
 Phillips,
 
 807 So.2d 713).
 

 Furthermore, despite appellant’s contention, his voluntary intoxication at the time he committed the murder does not render the sentence grossly disproportionate. The Supreme Court has upheld a statute which prohibits raising voluntary intoxication as a defense as not violating due process. In
 
 Montana v. Egelhoff,
 
 518 U.S. 37, 49-50, 116 S.Ct. 2013, 135 L.Ed.2d 361 (1996), Supreme Court reasoned:
 

 Disallowing consideration of voluntary intoxication has the effect of increasing the punishment for all unlawful acts committed in that state, and thereby deters drunkenness or irresponsible behavior while drunk. The rule also serves as a specific deterrent, ensuring that those who prove incapable of controlling violent impulses while voluntarily intoxicated go to prison. And finally, the rule comports with and implements society’s moral perception that one who has voluntarily impaired his own faculties should be responsible for the consequences.
 

 Considering the Court’s findings on the deterrent value of precluding consideration of a defendant’s voluntary intoxication, as well as its alignment with society’s moral perceptions, appellant’s argument that his voluntary intoxication entitles him to a lesser sentence is without merit.
 

 Moreover, although appellant argues he has a mental disability and urges this court to reverse his sentence based in part on this fact, there is nothing in the record, nor was there a motion to include anything in the record, demonstrating a mental disability other than his counsel’s comment during sentencing that he “may” have a mental disorder which testing would “probably” reveal.
 

 Therefore, we find appellant’s sentence is not grossly disproportionate and affirm.
 

 AFFIRMED.
 

 ROBERTS, J., concurs.
 

 WETHERELL, J., concurs in result.