ROWE, J.
On August 2, 2008, two months before his seventeenth birthday, Jose Gonzalez sought out and killed a 49 year-old man, who was in poor health and weighed only 108 pounds. Gonzalez killed the victim by stabbing him twelve times. Following a jury trial, Gonzalez was convicted of first-degree, premeditated murder, a capital felony, requiring a mandatory sentence of life in prison without the possibility of parole. *887 § 782.04(1), Fla. Stat. His judgment and sentence were affirmed by this court in November 2010, Gonzalez v. State, 50 So.3d 633, 635 (Fla. 1st DCA 2010), and further review of his judgment and sentence was denied both by the Florida Supreme Court and the United States Supreme Court. Gonzalez v. State, 60 So.3d 387 (Fla.2011) (Table); Gonzalez v. State, — U.S. -, 132 S.Ct. 387, 181 L.Ed.2d 243 (2011).
On June 25, 2012, after Gonzalez’ sentence became final, the United States Supreme Court decided Miller v. Alabama, — U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), and held that a mandatory sentence of life without parole imposed on a juvenile offender is unconstitutional because it violates the Eighth Amendment’s prohibition on cruel and unusual punishment. The day after the Miller decision was issued, Gonzalez filed the instant Petition for Writ of Habeas Corpus, asserting that he is entitled to resentencing under Miller.
Because Gonzalez’ sentence was final before Miller was decided, the threshold question presented in this case is whether Miller should be retroactively applied. The Third District Court of Appeal recently concluded that Miller is not retroactive in application. Geter v. State of Florida, — So.3d - (Fla. 3d DCA 2012). Applying the retroactivity test approved by the Florida Supreme Court in Witt v. State, 387 So.2d 922 (Fla.1980), our sister court concluded that the third factor of the Witt test was not satisfied because Miller “was not of fundamental significance.” Id. at -. Observing that Miller was “a procedural change in law” regarding criminal sentencing, rather than a substantive change in the law, id. at-, the court held that retroactive application of Miller would greatly affect the administration of justice:
Applying Miller retroactively would undoubtedly open the floodgates for post-conviction motions where at the time of conviction and sentencing, the judge did not have an affirmative duty to consider mitigating factors of youth. Evidentiary hearings “[ajddressing motions challenging convictions that have long since been final would present a logistical nightmare for the courts, with the proceedings themselves potentially raising more questions than they would be able to answer.” Barrios-Cruz, 63 So.3d [868] at 873 [ (Fla. 2d DCA 2011) ]. Among the clear and obvious difficulties in holding new sentencing hearings in cases that were final years ago are (1) the judge who tried the case and physically saw and heard the evidence may not be available, (2) trial transcripts may no longer be available, (3) prosecutors familiar with the case may no longer be employed with their respective office, and (4) family members who are still alive and who had to live through the trial, appeals, and postconviction motions, will be subjected to a new proceeding involving new lawyers, a new judge, stale memories, and additional appellate proceedings.
As such, it is evident that applying Miller retroactively “would undermine the perceived and actual finality of criminal judgments and would consume immense judicial resources without any corresponding benefit to the accuracy or reliability of the [underlying criminal case].” Id. (quoting Johnson, 904 So.2d at 412). Because “[e]ach of the three Witt factors cuts against retroactive application^]” Miller is not a development of fundamental significance. Hernandez, 61 So.3d at 1151. Accordingly, Miller, “although an important development in criminal procedure, is not a ‘jurisprudential upheaval’ of ‘sufficient magnitude to necessitate retroactive application.’ ” *888 Johnson, 904 So.2d at 412 (quoting Witt, 387 So.2d at 929); see also Chandler, 916 So.2d at 731 (declining to retroactively apply determination when the new rule “does not present a more compelling objective that outweighs the importance of finality.”).
Id. at -.
We agree with the decision of the Third District in Geter v. State of Florida, — So.3d -(Fla. 3d DCA 2012), adopt its reasoning in its entirety, and hold that Miller should not be applied retroactively. Because we have determined Miller is not retroactive in application and because Gonzalez’ case was final before Miller was issued, he is not entitled to relief. We therefore deny the petition.
PETITION DENIED.
LEWIS and ROBERTS, JJ., concur.