BENTON, C.J.,
concurring.
Last term the Supreme Court of the United States held “that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment’s prohibition on ‘cruel and unusual punishments.’ ” Miller v. Alabama, — U.S. -, 132 S.Ct. 2455, 2460, 183 L.Ed.2d 407 (2012). The Court handed down its ruling in a single opinion written in two cases argued in tandem, Miller and Jackson v. Hobbs. Id. The court had accepted the Jackson case to review a decision of the Supreme Court of Arkansas, in which another juvenile had, like Miller and like the appellant in our case, committed murder, been tried as an adult, and been sentenced to life without parole under a statute mandating such a sentence, without “requiring individualized consideration before sentencing a juvenile to life imprisonment without possibility of parole.” 132 S.Ct. at 2469-70.
Evan Miller, the defendant in the Alabama case, appealed his conviction and sentence directly to the Alabama Court of Criminal Appeals initially, then obtained further, direct review in the United States Supreme Court. Id. at 2463. But Kunt-rell Jackson, the defendant in the Arkansas case — like the appellant[2] in our case— had reached the end of the line on direct appeal, without obtaining any relief. Jackson v. State, 359 Ark. 87, 194 S.W.3d 757 (2004). Only after he had lost on direct in the Supreme Court of Arkansas, did “Jackson fíle[ ] a state petition for habeas corpus.” 132 S.Ct. at 2461. “The [state] circuit court ... granted the State’s motion to dismiss [the post-conviction habeas petition.... And] the Arkansas Supreme *975 Court [eventually] affirmed the dismissal of Jackson’s [state habeas] petition. See Jackson v. Norris, 2011 Ark. 49, 378 S.W.3d 103.” Id.
It was on review of the Arkansas Supreme Court’s affirmance of the lower Arkansas court’s disallowance of Jackson’s collateral attack on his sentence that Jackson and Miller became companion cases in the Supreme Court of the United States. The difference in their procedural postures notwithstanding, the Supreme Court of the United States reversed both state appeals court judgments and, in Jackson and Miller alike, “remand[ed] the cases for further proceedings not inconsistent with this opinion,” id. at 2475, i.e., in order to afford the states’ sentencing authorities “the opportunity to consider mitigating circumstances before [possibly re]imposing the harshest possible penalty for juveniles.” Id.
Albeit in a different connection, Justice Alito in dissent described Miller and Jackson as “two (carefully selected) cases.” Id. at 2489. Plainly they were carefully selected partly to make clear to the discerning reader that the rule laid down in Miller and Jackson applied whether or not the mandatorily life-without-parole-sentenced juvenile’s case was still “in the pipeline.”
A panel of the First District recently held in Gonzalez v. State, 101 So.3d 886, 888 (Fla. 1st DCA 2012), however, that “Miller is not retroactive in application and because Gonzalez’ case [sic] was final before Miller was issued, he is not entitled to relief.”[3] But Jackson’s direct appeal, too, “was final before Miller was issued.” Id. Without addressing the Jackson case,[4] *976 the Gonzalez panel relied on “the decision of the Third District in Geter v. State of Florida, — So.3d - (Fla. 3d DCA 2012),[5] [and] adopt[ed Geter’s ] reasoning in its entirety.” Id. While the Third District’s decisions are often persuasive, the Supreme Court’s decisions are binding on Eighth Amendment questions.

. Fifteen years old at the time she fired the fatal shot, Rebecca Lee Falcon received a mandatory term of life imprisonment for first-degree murder in 1999. After her conviction and sentence were affirmed on direct appeal, Falcon v. State, 781 So.2d 1086 (Fla. 1st DCA 2001) (Table), she filed a motion for postcon-viction relief and/or to correct illegal sentence pursuant to Florida Rules of Criminal Procedure 3.800 and 3.850. Relying on Miller v. Alabama, -U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), Ms. Falcon argued she "was denied individualized sentencing, in violation of the Eighth and Fourteenth Amendments to the United States Constitution, by the imposition of a mandatory life sentence, without possibility of parole, for an offense committed when she was 15 years of age.” See generally Teague v. Lane, 489 U.S. 288, 300, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989); Witt v. State, 387 So.2d 922, 925 (Fla.1980).

. The day after the decision in Miller was issued, Gonzalez filed in this court a petition for writ of habeas corpus, pleading that his "case and Miller have traveled parallel tracks, creating an unusual circumstance which warrants parallel results” and argued he "should receive the benefit of the U.S. Supreme Court decision in Miller, which vindicated the Eighth Amendment claim Gonzalez preserved and presented in his direct appeal and pursued all the way to the U.S. Supreme Court at approximately the same time as the successful petition in Miller."
In its response to Gonzalez’s habeas petition, the state agreed relief was "appropriate” because the "sentencing scheme was unconstitutional as applied to a clear class of offenders.” The state specifically "recognizefd] that the Miller decision is retroactively applied, if not under federal law, as a matter of Florida law.” (The state’s only disagreement was as to the appropriate remedy "in light of the invalid nature of the mandatory life without parole sentence.”)
When the Gonzalez panel nevertheless denied all relief, Gonzalez argued on rehearing that, although the panel could decline a party’s concession and reach an issue no party had briefed, "the lack of adversarial testing undermines both the fairness and the accuracy of the panel’s holding;” and that, because of the state’s concession, "the panel ha[d] condemned without hearing, proceeded without inquiry, and rendered judgment without consideration of issues advanced by adversarial parties.” The panel denied rehearing, whereupon Gonzalez sought review in the Supreme Court of Florida. See Gonzalez v. State, 101 So.3d 886 (Fla. 1st DCA 2012), petition for review pending, SC13-16 (Fla., filed Jan. 8, 2013).

. No Florida decision addresses Jackson v. Hobbs, - U.S. -, 132 S.Ct. 2455, 2460, 183 L.Ed.2d 407 (2012), as such. See Anderson v. State, 105 So.3d 538 (Fla. 5th DCA 2013) (citing Gonzalez, and Geter v. State, - So.3d -, 2012 WL 4448860, 37 Fla. L. Weekly D2283 (Fla. 3d DCA Sept. 27, 2012)) (The decision is referenced in the Southern Reporter in a table captioned "Florida Decisions Without Published Opinions.”). In State v. Williams, 108 So.3d 255, 256 (La. App 4th Cir. 2013) (footnote omitted), the court found
no error in the trial court’s ruling on Reginald Williams’ "Motion to Correct Illegal Sentence,” inter alia, because the relator, State of Louisiana, acknowledges that under Miller ..., the automatic imposition of life imprisonment without benefit of parole for a murder conviction of a defendant who was a juvenile at the time of the offense *976 violates the U.S. Constitution’s Eighth Amendment’s prohibition of cruel and unusual punishment. Miller is retroactive to cases that were final in Louisiana at the time the decision in Miller was rendered by application of the per curiam in State v. Simmons, 11-1810 (La. 10/12/12), 99 So.3d 28.
In People v. Morfin, 367 Ill.Dec. 282, 981 N.E.2d 1010, 1022 (Ill.App.Ct.2012), the court concluded Miller “is applicable retroactively on collateral review.” The court stated that while Miller does not forbid a sentence of life imprisonment without parole for a minor, "it does require Illinois courts to hold a sentencing hearing for every minor convicted of first degree murder at which a sentence other than natural life imprisonment must be available for consideration.” Id. Finding its decision "reinforced by the fact that one of the two Miller defendants was before the United States Supreme Court on collateral review following completion of his direct appeal and received relief in the same manner as Miller himself, the court disagreed with the decisions in Geter and Gonzalez and with the decision in People v. Carp, 298 Mich.App. 472, 828 N.W.2d 685 (2012). Id. at 1022-23. The court concluded that Miller "requires in every case with a minor defendant, by right and as a matter of course, a full sentencing hearing with a range of sentences available to the court.” Id. at 1023.
In Hill v. Snyder, No. 10-14568, 2013 WL 364198, at *2 (E.D.Mich.2013), the court noted that Miller applied because Miller was decided while the case was pending. The court also noted, however, that "if ever there was a legal rule that should — as a matter of law and morality — be given retroactive effect, it is the rule announced in Miller. To hold otherwise would allow the state to impose unconstitutional punishment on some persons but not others, an intolerable miscarriage of justice.” Id. In a footnote, the court stated it "would find Miller retroactive on collateral review” because the Supreme Court vacated the sentence of Kuntrell Jackson, whose case was before the court on collateral review, and because " ‘once a new rule is applied to the defendant in the case announcing the rule, evenhanded justice requires that it be applied retroactively to all who are similarly situated.’ Teague v. Lane, 489 U.S. 288, 300, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).” Id. at *2 n. 2. But see Craig v. Cain, 2013 WL 69128 (5th Cir.2013); Carp.

. We are advised that rehearing motion(s) remain pending in Geter v. State, — So.3d -, 2012 WL 4448860, 37 Fla. L. Weekly D2283 (Fla. 3d DCA Sept. 27, 2012). In the motion for rehearing filed in Gonzalez v. State, 101 So.3d 886, 888 (Fla. 1st DCA 2012), counsel for Gonzalez represented that "the Third District decision adopted by the panel, Geter v. State, [— So.3d -, 2012 WL 4448860] No. 3D12-1736 (Slip.op.Sept. 27, 2012), was a pro se postconviction appeal in which no counsel was appointed for the defendant and the state declined to file a brief. See online docket, No. 3D 12-1736. Thus, the [Gonzalez] panel decided that Miller was not retroactive both without the benefit of briefing and oral argument and in reliance on a decision also rendered without briefing by counsel and oral argument.”