PER CURIAM.
Patrick Joseph Smith appeals an order denying his motion filed pursuant to rule 3.800(a), Florida Rules of Criminal Procedure, in which he asserted that his life sentence for felony murder was illegal under Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). Subsequent to the filing of this appeal, the United States Supreme Court released Miller v. Alabama, — U.S. —, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), and we ordered supplemental briefing as to the effect of Miller on this appeal. Subsequently, a panel of this court held that Miller should not be applied retroactively, relying upon Geter v. State, 115 So.3d 375, 2012 WL 4448860 (Fla. 3d DCA 2012). Gonzalez v. State, 101 So.3d 886 (Fla. 1st DCA 2012). Gonzalez controls the case under view. See also Falcon v. State, 111 So.3d 973, 2013 WL 1809742 (Fla. 1st DCA 2013); Johnson v. State, — So.3d —, 2013 WL 1809685, 38 Fla. L. Weekly D953 (Fla. 1st DCA 2013). Accordingly, we affirm. We also certify the same question of great public importance certified by the Falcon panel:
WHETHER THE RULE ESTABLISHED IN MILLER V. ALABAMA, - U.S. -, -, 132 S.Ct. 2455, 2460, 183 L.Ed.2d 407 (2012), “THAT MANDATORY LIFE WITHOUT PAROLE FOR THOSE UNDER THE AGE OF 18 AT THE TIME OF THEIR CRIMES VIOLATES THE EIGHTH AMENDMENTE ],” SHOULD BE GIVEN RETROACTIVE EFFECT?
WOLF and LEWIS, JJ., concur, and VAN NORTWICK, J., specially concurs with written opinion.