ROTHENBERG, J.
The defendant, Mario Anderson, who was convicted for having committed a first degree murder, armed burglary, and assault in 1996, when he was sixteen years old, and who received life sentences for the homicide and the armed burglary, appeals the trial court’s order denying his motion to correct what he contends is an illegal sentence under Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), and Miller v. Alabama, — U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). For the reasons that follow, we affirm.
First, we conclude that Graham does not apply to this defendant. The Graham court specifically limited its holding to juvenile offenders who do not commit a homicide. “This Court now holds that for a juvenile offender who did not commit homicide the Eighth Amendment forbids the sentence of life without parole. This clear line is necessary to prevent the possibility that life without parole sentences will be imposed on juvenile nonho-micide offenders who are not sufficiently culpable to merit that punishment.” Graham, 130 S.Ct. at 2030.
Second, the defendant’s sentence was final before Miller was decided. In Geter v. State, 115 So.3d 375 (Fla. 3d DCA 2012), this Court held that Miller does not apply retroactively. See also Gonzalez v. State, 101 So.3d 886 (Fla. 1st DCA 2012) (concluding that Miller does not apply retroactively).
Affirmed.
LOGUE, J., concurs.