LaROSE, Judge.
Laisha Landrum appeals an order denying her motion to correct an illegal sentence. See Fla. R.Crim. P. 3.800(a).
In 2006, a jury convicted Ms. Landrum of second-degree murder with a weapon (Count I) and tampering with physical evidence (Count II). The trial court sentenced her to life in prison for Count I and to five years in prison for Count II. We affirmed on direct appeal. Landrum v. State, 963 So.2d 711 (Fla. 2d DCA 2007) (table).
In her motion for postconviction relief, Ms. Landrum asserted that her sentence for Count I was illegal under Miller v. Alabama, - U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). Miller held that a mandatory life sentence without the possibility of parole was unconstitutional as applied to juveniles who commit a homicide offense. Id. at 2469. The postconviction court denied relief, ruling that Miller does not apply retroactively. See Gonzalez v. State, 101 So.3d 886, 886-88 (Fla. 1st DCA 2012).
Recently, we determined that Miller applies retroactively and we certified conflict with Gonzalez. Toye v. State, 133 So.3d 540 (Fla. 2d DCA 2014). Consequently, we reverse and remand for further proceedings before the postconviction court consistent with Miller and Toye as relevant to Count I.
Reversed and remanded.
SILBERMAN and CRENSHAW, JJ., Concur.