SILBERMAN, Judge.
Jessica M. Hill appeals the order summarily denying her motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. In 2002, Hill was indicted and charged with first-degree murder and robbery with a firearm. She was a juvenile when she committed the crimes. In order to avoid the death penalty being sought by the State, she entered no contest pleas to the charges in exchange for concurrent life sentences without the possibility of parole.
In her postconviction motion, Hill asserted that the sentences that she received were mandatory sentences and were the only sentences that the trial court could have imposed at that time. She argued that under Miller v. Alabama, — U.S. —, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), such mandatory sentences are illegal. Further, she contended that Miller applies retroactively, and therefore, she is entitled to resentencing with the opportunity to present mitigation evidence.
In response, the State argued that Hill’s sentences were final long before Miller was decided and that Miller did not apply retroactively. The trial court agreed with the State and denied relief, concluding that Miller does not afford retroactive relief.
In Toye v. State, 133 So.3d 540, 541 (Fla. 2d DCA 2014), this court concluded that Miller applies retroactively and certified conflict with the Third District’s decision in Geter v. State, 115 So.3d 375 (Fla. 3d DCA 2012), and the First District’s decision in Gonzalez v. State, 101 So.3d 886 (Fla. 1st DCA 2012). Accordingly, we reverse the postconviction court’s order summarily denying Hill’s motion and remand *459 the case for further proceedings consistent with Miller, Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), and Toye. We again certify conflict with Geter and Gonzalez.
Reversed and remanded.
NORTHCUTT and CRENSHAW, JJ., Concur.