IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

October 10, 2014

CHRISTOPHER BURTON,                    )
                                       )
        Appellant,                     )
                                       )
v.                                     )     Case No. 2D13-2904
                                       )
STATE OF FLORIDA,                      )
                                       )
        Appellee.                      )
_____)

BY ORDER OF THE COURT:

        Appellee's motion for clarification or rehearing is granted.  The prior

opinion dated August 29, 2014, is withdrawn and the attached opinion is issued in its

place.  No further motions for rehearing will be entertained.

I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.

JAMES R. BIRKHOLD, CLERK

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CHRISTOPHER BURTON,                    )
                                       )
            Appellant,                 )
                                       )
v.                                     )    Case No. 2D13-2904
                                       )
STATE OF FLORIDA,                      )
                                       )
            Appellee.                  )
_____)

Opinion filed October 10, 2014.

Appeal from the Circuit Court for
Hillsborough County; William Fuente,
Judge.

Howard L. Dimmig, II, Public Defender, and
Maureen E. Surber, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Wendy Buffington,
Assistant Attorney General, Tampa, for
Appellee.


LaROSE, Judge.

        Christopher Burton appeals the postconviction court's order denying his

motion to correct an illegal sentence filed under Florida Rule of Criminal Procedure

3.800(a).  Because Mr. Burton received a mandatory sentence of life without the

possibility of parole for a first-degree murder he committed when he was sixteen years

old, we reverse the portion of the postconviction court's order summarily denying his motion and remand the case for further proceedings consistent with <u>Miller v. Alabama</u>, 132 S. Ct. 2455 (2012), and <u>Toye v. State</u>, 133 So. 3d 540 (Fla. 2d DCA 2014). <u>See also</u> <u>Baker v. State</u>**,** 138 So. 3d 1175 (Fla. 2d DCA 2014); <u>Landrum v. State</u>, 133 So. 3d 601 (Fla. 2d DCA 2014).

In <u>Toye</u>, this court concluded that <u>Miller</u> applied retroactively and certified conflict with <u>Geter v. State</u>, 115 So. 3d 375 (Fla. 3d DCA 2012) (en banc), and <u>Gonzalez v. State</u>, 101 So. 3d 886 (Fla. 1st DCA 2012). <u>Toye</u>, 133 So. 3d at 547. We again certify conflict with <u>Gonzalez</u> and <u>Geter</u>, and add to our certification <u>Falcon v. State</u>, 111 So. 3d 973 (Fla. 1st DCA 2013), <u>review granted</u>, 137 So. 3d 1019 (Fla. 2013).

Reversed and remanded. Conflict certified.


KHOUZAM and BLACK, JJ., Concur.