NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| RASHAD J. TAYLOR, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D13-4487 |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Opinion filed December 3, 2014.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Hillsborough County; Michelle Sisco,
Judge.

Dane K. Chase of Chase Law Florida, P.A.,
St. Petersburg, for Appellant.

No appearance for Appellee.


KHOUZAM, Judge.

Rashad Taylor appeals the summary denial of his motion for

postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In

2007, Taylor pleaded guilty to the charge of first-degree murder—a crime he committed

when he was seventeen years old—and received a mandatory sentence of life without

the possibility of parole. In Miller v. Alabama, 132 S. Ct. 2455 (2012), the United States

Supreme Court held that such a sentence is unconstitutional. And in Toye v. State, 133 So. 3d 540 (Fla. 2d DCA 2014), this court determined that the holding in Miller applies retroactively. Accordingly, we reverse the order summarily denying Taylor's motion and remand for further proceedings consistent with Miller and Toye. See Baker v. State, 138 So. 3d 1175 (Fla. 2d DCA 2014); Landrum v. State, 133 So. 3d 601 (Fla. 2d DCA 2014). We again certify conflict with Geter v. State, 115 So. 3d 375 (Fla. 3d DCA 2013); Gonzalez v. State, 101 So. 3d 886 (Fla. 1st DCA 2012); and Falcon v. State, 111 So. 3d 973 (Fla. 1st DCA), review granted, 137 So. 3d 1019 (Fla. 2013). See Burton v. State, 148 So. 3d 541, 542 (Fla. 2d DCA 2014).

Reversed and remanded. Conflict certified.

NORTHCUTT and CRENSHAW, JJ., Concur.