NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

HARRY LEE DAVIS, JR.,                    )
                                         )
          Appellant,                     )
                                         )
v.                                       )          Case No. 2D13-3383
                                         )
STATE OF FLORIDA,                        )
                                         )
          Appellee.                      )
_____  )

Opinion filed May 6, 2015.

Appeal from the Circuit Court for Polk
County; William D. Sites, Judge.

Howard L. Dimmig, II, Public Defender, and
Maureen E. Surber, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Katherine Coombs Cline,
Assistant Attorney General, Tampa, for
Appellee.

CASANUEVA, Judge.

          Harry Lee Davis, Jr., appeals the summary denial of his motion filed

pursuant to Florida Rule of Criminal Procedure 3.800(a). Mr. Davis's motion alleged

that he received two mandatory sentences of life in prison without the possibility of

parole for two counts of first-degree murder that he committed when he was seventeen

years old.  The motion was denied based on <u>Geter v. State</u>, 115 So. 3d 375 (Fla. 3d DCA 2012), and <u>Gonzalez v. State</u>, 101 So. 3d 886 (Fla. 1st DCA 2012), which held that <u>Miller v. Alabama</u>, 132 S. Ct. 2455 (2012), did not apply retroactively.  The Florida Supreme Court has recently held that the <u>Miller</u> decision applies retroactively to all juvenile offenders whose convictions and sentences were final when <u>Miller</u> was decided.  <u>Falcon v. State</u>, 40 Fla. L. Weekly S151, S151 (Fla. Mar. 19, 2015). Accordingly, we reverse the postconviction court's order summarily denying the claim.

We note that the Florida Supreme Court has further held in <u>Horsley v. State</u>, 40 Fla. L. Weekly S155, S155 (Fla. Mar. 19, 2015), that the proper remedy in cases involving juvenile offenders whose sentences are unconstitutional under <u>Miller</u> is to apply chapter 2014–220, Laws of Florida.  The court concluded that "applying chapter 2014–220, Laws of Florida, to all juvenile offenders whose sentences are unconstitutional under <u>Miller</u> is the remedy most faithful to the Eighth Amendment principles established by the United States Supreme Court, to the intent of the Florida Legislature, and to the doctrine of separation of powers."  <u>Id.</u> at S160.  The relevant provisions of chapter 2014–220 have been codified in sections 775.082, 921.1401, and 921.1402, Florida Statutes (2014).  Accordingly, we reverse the order denying Mr. Davis's motion and remand for a resentencing proceeding consistent with this new juvenile sentencing legislation.  See <u>Horsley</u>, 40 Fla. L. Weekly S155; <u>Falcon</u>, 40 Fla. L. Weekly S151.

Reversed and remanded with directions.


WALLACE and KHOUZAM, JJ., Concur.