NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JESSIE CRUZ,                              )
                                          )
            Appellant,                    )
                                          )
v.                                        )          Case No. 2D13-2217
                                          )
STATE OF FLORIDA,                         )
                                          )
            Appellee.                     )
                                          )
_____ )

Opinion filed May 8, 2015.

Appeal from the Circuit Court for Manatee
County; Thomas Krug, Judge.

Howard L. Dimmig, II, Public Defender, and
Maureen E. Surber,  Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Bilal A. Faruqui, Assistant
Attorney General, Tampa, for Appellee.


CASANUEVA, Judge.

            Jessie Cruz appeals the summary denial of his motion filed pursuant to

Florida Rule of Criminal Procedure 3.800(a).  Mr. Cruz alleged in his motion that he

received a mandatory sentence of life in prison without the possibility of parole for a

first-degree murder that he committed when he was fifteen years old.  The motion was

denied based on Geter v. State, 115 So. 3d 375 (Fla. 3d DCA 2012), and Gonzalez v.

State, 101 So. 3d 886 (Fla. 1st DCA 2012), which held that Miller v. Alabama, 132 S. Ct. 2455 (2012), did not apply retroactively. The Florida Supreme Court has recently held that the Miller decision applies retroactively to all juvenile offenders whose convictions and sentences were final when Miller was decided. Falcon v. State, 40 Fla. L. Weekly S151, S151 (Fla. Mar. 19, 2015). Accordingly, we reverse the postconviction court's order summarily denying the claim.

We note that the Florida Supreme Court has further held in Horsley v. State, 40 Fla. L. Weekly S155, S155 (Fla. Mar. 19, 2015), that the proper remedy in cases involving juvenile offenders whose sentences are unconstitutional under Miller is to apply chapter 2014–220, Laws of Florida. The court concluded that "applying chapter 2014–220, Laws of Florida, to all juvenile offenders whose sentences are unconstitutional under Miller is the remedy most faithful to the Eighth Amendment principles established by the United States Supreme Court, to the intent of the Florida Legislature, and to the doctrine of separation of powers." Id. at S160. The relevant provisions of chapter 2014–220 have been codified in sections 775.082, 921.1401, and 921.1402, Florida Statutes (2014). Accordingly, we reverse the order denying Mr. Cruz's motion and remand for a resentencing proceeding consistent with this new juvenile sentencing legislation. See Horsley, 40 Fla. L. Weekly S155; Falcon, 40 Fla. L. Weekly S151.

Reversed and remanded with directions.


WALLACE and KHOUZAM, JJ., Concur.


- 2 -