ALTENBERND, Chief Judge.
Joseph Perry petitions for a writ of mandamus to compel the trial court to consider his motion to correct sentencing error filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). We deny the petition for writ of mandamus because a defendant is not entitled to file a rule 3.800(b)(2) motion during the appeal of an order denying postconviction relief. A defendant is only entitled to file a rule 3.800(b)(2) motion during the direct appeal of a sentence.
In 1994 a jury found Mr. Perry guilty of attempted first-degree murder with a firearm. The court sentenced him to thirty years in prison as a habitual felony offender. This court affirmed the judgment and sentence. Perry v. State, 678 So.2d 1293 (Fla. 2d DCA 1996). Mr. Perry then filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, which was summarily denied by the trial court. On appeal this court reversed, in part, the trial court’s order denying relief and ordered an evidentiary hearing on remand. Perry v. State, 787 So.2d 67 (Fla. 2d DCA 2001). After holding an evidentiary hearing, the trial court again denied Mr. Perry’s motion. Mr. Perry’s appeal of the denial is currently pending before this court as case number 2D01-4349.
On November 15, 2002, Mr. Perry filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). The trial court denied the motion, stating that rule 3.800(b)(2) allows a court to correct a sentencing error only during the pendency of a direct appeal of a sentence. Mr. Perry then filed this petition for writ of mandamus to compel the trial court to consider his motion.
Mandamus may be used to test the correctness of a determination of no jurisdiction by a court of lesser jurisdiction. See Pino v. Dist. Court of Appeal, Third Dist., 604 So.2d 1232 (Fla.1992) (citing State ex rel. Gaines Constr. Co. v. Pearson, 154 So.2d 833 (Fla.1963)). Mr. Perry argues that the trial court should have considered the motion because his appeal of the denial of the rule 3.850 motion is currently pending before this court, and rule 3.800(b)(2) does not limit the type of appeal during which a rule 3.800(b)(2) motion may be filed. We disagree because rule 3.800(b), as a whole, is structured to apply only to a direct appeal of a sentence.
Rule 3.800(b)(1) is entitled “Motion Before Appeal” and states: “During the time allowed for the filing of a notice of appeal of a sentence, a defendant or the state may file a motion to correct a sentencing error.” Subsection (b)(2) is entitled “Motion Pending Appeal” and states: “If an appeal is pending, a defendant or the state may file in the trial court a motion to correct a sentencing error.” Thus, rule 3.800(b) applies only to a direct “appeal of a sentence.” Subsection (b)(2) merely expands the period in which a motion to correct sentencing error can be filed in the trial court so that a defendant can file a motion after he or she has already filed a notice of appeal of a sentence. See Amendments to Rules of Criminal Procedure 3.111(e) & 3.800(b) and Florida Rules of Appellate Procedure 9.020(h), 9.1)0, & 9.600, 761 So.2d 1015,1018 (Fla.1999). Although rule 3.800(b) could apply to a new sentence imposed as the result of an order granting postconviction relief, it does not apply to an appeal of an order denying postconviction relief. Therefore, the trial court cor *326 rectly refused to consider Mr. Perry’s motion to correct sentencing error.
Petition for writ of mandamus denied.
CASANUEVA and STRINGER, JJ., Concur.