PADOVANO, J.
This is an appeal from an order summarily denying a postconviction motion under rule 3.800(a) of the Florida Rules of Criminal Procedure. We conclude that the defendant is entitled to relief. He was sentenced under the version of the sentencing guidelines declared unconstitutional in Heggs v. State, 759 So.2d 620 (Fla. 2000) and the sentence he received cannot be justified under the prior version of the guidelines.
The defendant, Joseph Buoy Cooper, was charged by information with the crimes of attempted robbery and aggravated battery with a firearm. According to the information, the defendant acted as a principal in the commission of these offenses on November 1, 1995. He entered a plea of nolo contendere to both charges and the trial court placed him on probation for three years with the probationary term to run consecutively with a sentence in *518 another case. He violated the terms of his probation, and on December 18, 2002, the trial court revoked his probation and sentenced him to thirteen years on each charge with the terms to run concurrently.
Several months later, the defendant filed the postconviction motion that has become the subject of the present appeal. He alleged in this motion that he was entitled to a new sentencing hearing because he fell within the Heggs window, and because his thirteen-year sentence could not be supported under the 1994 version of the sentencing guidelines. At that time, the state took the position that the sentence could be justified under the sentencing guidelines in effect in 1994 if the court were to score victim injury points three times. This was appropriate, the assistant state attorney argued, because the code-fendant shot the victim in the leg three times and the defendant was charged in the case as a principal.
The trial court accepted the assistant state attorney’s argument and recalculated the defendant’s score under the 1994 guidelines. In the revised calculation, the trial court scored the victim injury points three times, which helped to produce a score high enough to support the thirteen-year sentence the defendant received when his probation was revoked. The trial court entered an order denying the rule 3.800(a) motion and the defendant filed a timely appeal to this court.
While the appeal was pending, the defendant filed two motions under rule 3.800(b). In the first of these motions, he argued that the victim injury points could be scored only once under the sentencing guidelines because there was only one victim, and in the second he asserted a claim under the intervening decision of the United States Supreme Court in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The argument in support of the Blakely claim was that the defendant’s plea of nolo contendere did not admit facts that could justify an enhanced penalty for separate injuries to the victim.
The trial court summarily denied the first motion and dismissed the second with prejudice. Both dispositions were for the same reason. The trial court concluded that the defendant was not entitled to relief under rule 3.800(b), because these motions were not directed to a sentence presently imposed by this court. The judicial act that was the subject of the defendant’s appeal was an order denying a postconviction motion under rule 3.800(a), not a sentence.
We conclude that the defendant is entitled to a new sentencing hearing on the claim he originally asserted in his rule 3.800(a) motion. At most, the victim injury points could be scored twice under the 1994 version of the sentencing guidelines, once for each of two crimes committed against the victim. See Jupiter v. State, 833 So.2d 169 (Fla. 1st DCA 2002). As appellate counsel for the state concedes, it was error to score the victim injury points three times, once for each of the discrete injuries to the victim.
If the victim injury points could be scored twice under the 1994 guidelines, a point the defendant does not concede, the total number of points would still not be high enough to justify the thirteen-year sentences imposed under the unconstitutional version of the sentencing guidelines in effect in 1995. It follows that the defendant was harmed by the use of the invalid version of the guidelines and that he is entitled to a new sentencing hearing.
The defendant seeks a ruling on the issues he raised in his rule 3.800(b) motions in the apparent hope that our disposition will limit the sentence that can be imposed on remand. We decline to *519 address those issues, however, as we conclude that they are not properly before the court. Rule 3.800(b) provides an alternative method of preserving for review an alleged sentencing error, but it is clear that this procedure was designed for use only in a direct appeal from the sentence at issue. See Perry v. State, 849 So.2d 324 (Fla. 2d DCA 2003). On this point we agree with the trial judge. The rule was not meant to be used in connection with an appeal from a postconviction order.
Our conclusion that rule 3.800(b) is unavailable in this proceeding is supported by the text of the rule itself. Rule 3.800(b)(1) states that “[djuring the time allowed for the filing of a notice of appeal of a sentence, a defendant or the state may file a motion to correct a sentencing error.” (emphasis added). By the plain wording of the rule then, the procedure in rule 3.800(b) is limited to an appeal of a sentence. The defendant in this case is not appealing a sentence; he is appealing an order summarily denying a rule 3.800(a) motion.
It is true that subdivision (b)(2) of the rule is worded more broadly to state that if an appeal is pending, the defendant may file a motion in the trial court to correct a “sentencing error.” However, it is clear that the phrase “sentencing error” was used in this part of the rule merely as a reference to the previous statement that the error must be asserted in the course of an appeal from the sentence. Otherwise, we would have to conclude that subdivision (b)(1) is limited to a motion filed in the course of a direct appeal from a sentence, but that subdivision (b)(2) applies more expansively to a motion filed at any time, even in the course of a postconviction challenge to a sentence that was upheld in a previous appeal.
Moreover, it would be inappropriate to construe the phrase “sentencing error” in subdivision (b)(2) of the rule in isolation, as if it were not related to other provisions in the rule. We must construe a rule in its entirety to give meaning to its parts. A reading of 3.800(b) as a whole reveals that subdivision (b)(2) does not expand the class of reviewable issues; it merely provides a method of preserving issues that are not identified until after a defendant has filed an appeal from the sentence.
Regardless of the timing of the motion, the procedure established by rule 3.800(b) was meant to be used only in a direct appeal. As Justice Pariente explained in the opinion adopting the rule, there are “many errors that are only discovered when the written sentence is examined, such as the frequently occurring errors involving deviations between the oral pronouncements and the written sentences.” Amendments to the Florida Rules of Criminal Procedure, 761 So.2d 1015, 1017 (Fla.2000). As a result of the rule, many routine sentencing issues that were formerly considered for the first time on appeal will now be corrected in the trial court without further litigation.
The justification for rule 3.800(b) works well in the context of a direct appeal, but it does not work at all in an appeal from a postconviction order. This case proves the point. The defendant filed his 3.800(b) motion not to bring to the trial court’s attention a sentencing error before presenting the issue on appeal, but rather to interject a new issue after the time for appealing the sentence had expired. The sentence became final long before the defendant filed the postconviction motion at issue here, so it is difficult to see how the objective of rule 3.800(b) could be served.
Our conclusion that rule 3.800(b) does not apply in this case is further illustrated by a review of the appellate procedures *520 that apply to direct appeals and appeals from postconviction orders. Rule 9.140(f)(6) establishes the procedure for submitting a supplemental record of proceedings on rule 3.800(b)(2) motions. This procedure is necessary because it is possible that the hearing will take place during the course of the appeal at some time after the record has been prepared. However, there is no comparable procedure in rule 9.141, the rule governing appeals from postconviction orders. The most logical inference we may draw from a comparison of these two appellate rules is that rule 3.800(b) was not intended for use in post-conviction proceedings.
Finally, we think that the use of the belated preservation mechanism in rule 3.800(b) would undermine the special trial and appellate procedures that apply to the summary disposition of postconviction motions. An appeal from an order summarily denying a postconviction motion is subject to review by the abbreviated procedures in rule 9.141(b)(2). The record consists of nothing more than a copy of the motion, the order and related papers filed in the trial court. Briefs are not required. It makes little sense to interrupt this streamlined process to allow the defendant to go back to the trial court for the purpose of interjecting additional sentencing arguments.
For these reasons, we conclude that the defendant is entitled to a new sentencing hearing on the Heggs claim asserted in his rule 3.800(a) motion, but we decline to address the additional sentencing arguments raised in the subsequent motions under rule 3.800(b).
Reversed and Remanded.
ERVIN and LEWIS, JJ., concur.