ON AMENDED MOTION FOR REHEARING

TAYLOR, J.
Upon consideration of appellant’s amended motion for rehearing, we grant the motion, withdraw the opinion filed on May 23, 2012, and substitute the following opinion in its place.
Thomas Daugherty appeals his convictions for second-degree murder and two counts of attempted second-degree murder. The charges arose from a violent crime spree in which appellant and some friends randomly selected and severely beat three homeless men, one of whom died from the attack. Appellant raises five issues, arguing that (1) the trial court committed fundamental error in instructing the jury on the lesser included offenses of manslaughter and attempted voluntary manslaughter; (2) the trial court abused its discretion in denying appellant’s motion to sever the murder counts from the attempted murder counts; (3) the trial court fundamentally erred in using the phrase “and/or” between the defendants’ names in the jury instructions; (4) the trial court erred in denying appellant’s motion to change venue due to pre-trial publicity, and (5) appellant’s sentence to life without the possibility of parole as a juvenile violates the Eighth Amendment of the United States Constitution and Article I, Section 17, of the Florida Constitution. We affirm appellant’s conviction for second-degree murder but remand for a new sentencing hearing in light of Miller v. Alabama, — U.S.-, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012).
*1078 Appellant and co-defendant Brian Hooks were tried together. In the appeal of Hooks' convictions for the same underlying crimes, we held that the trial court did not err in denying Hooks’ motion for change of venue due to pre-trial publicity. See Hooks v. State, 82 So.3d 905 (Fla. 4th DCA 2011), rev. denied, 83 So.3d 707 (Fla.2012). Because appellant and the co-defendant were tried together, the Hooks decision compels an affirmance on the denial of appellant’s motion to change venue.
As to appellant’s contention that the trial judge committed fundamental error in instructing the jury on manslaughter and attempted voluntary manslaughter, we affirm.
We conclude that the trial court did not commit fundamental error in instructing the jury on manslaughter as a lesser included offense of Count I. In Singh v. State, 36 So.3d 848 (Fla. 4th DCA 2010), we held that the standard jury instruction on the lesser included offense of manslaughter was not fundamentally erroneous where the trial court gave an instruction on manslaughter by culpable negligence.
The parties in this case disagree over whether the evidence supported a manslaughter by culpable negligence instruction. Appellant argues that the evidence did not, while the State argues that it did. However, we need not reach that issue. Our analysis is not dependent upon the fact that the culpable negligence instruction was given.[1] Even without considering that the jury received the manslaughter by culpable negligence instruction, we find that there is an independent reason why giving the manslaughter instruction, as a lesser included offense of the murder charge, was not fundamental error in this case. As our supreme court has explained, “When the trial court fails to properly instruct on a crime two or more degrees removed from the crime for which the defendant is convicted, the error is not per se reversible, but instead is subject to a harmless error analysis.” Pena v. State, 901 So.2d 781, 787 (Fla.2005). Here, because the jury was also instructed on the lesser included offense of third-degree felony murder, manslaughter was actually two steps removed from second-degree murder under the facts of this case. See Echols v. State, 484 So.2d 568, 574 (Fla.1985) (holding that manslaughter was a lesser included offense that was three steps removed from first degree murder where the jury, if inclined to exercise its “pardon” power, could have returned verdicts of second-degree or third-degree murder). If the jury had been inclined to exercise its pardon power, it could have returned a verdict of third-degree felony murder, which was the next lower crime on the verdict form; the evidence in this case would have supported a conviction for third-degree felony murder. We conclude that the error in the manslaughter by act instruction was harmless and did not constitute fundamental error.
We likewise conclude that the tidal court did not commit fundamental error in instructing the jury on attempted voluntary manslaughter as a lesser included offense of Counts II and III. See Williams v. State, 40 So.3d 72 (Fla. 4th DCA 2010) (holding that standard jury instruction on attempted voluntary manslaughter was not fundamental error in a prosecution for attempted first degree murder in which the defendant was convicted of the lesser in- *1079 eluded offense of attempted second-degree murder), rev. granted, 64 So.3d 1262 (Fla.2011). Because the Williams case is under review in the Florida Supreme Court, we certify conflict with the contrary decisions of the other districts. See Coriolan v. State, 77 So.3d 840, 840 (Fla. 4th DCA 2012) (rejecting argument that trial court committed fundamental error in giving the standard jury instruction on attempted manslaughter, but certifying conflict with other district courts).
Without further discussion, we reject appellant’s other arguments challenging his convictions and affirm on all points raised by appellant.
On the issue of sentencing, however, we reverse and remand for further proceedings in light of the recent decision by the United States Supreme Court in Miller v. Alabama, — U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). Following a line of cases recognizing that juveniles may have less “moral culpability” because of their youth, the Supreme Court held that mandatory life imprisonment without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment’s prohibition on cruel and unusual punishment. Appellant, who was seventeen at the time he committed his crimes, argues that his sentence to life in prison without the possibility of parole constitutes cruel and unusual punishment. Unlike the juvenile defendant in Miller, however, appellant was not sentenced to a statutorily mandated sentence of life imprisonment without the possibility of parole. Rather, the trial judge in his case had discretion to impose a different punishment.[2]
Nevertheless, Miller contains language suggesting that sentencing juveniles to life-without-parole prison terms should be “uncommon” in light of the “great difficulty” of distinguishing at this early age between “the juvenile offender whose crime reflects unfortunate yet transient immaturity, and the rare juvenile offender whose crime reflects irreparable corruption.” Id. at 2469 (citations and internal quotation marks omitted). Thus, under Miller, judges must take an individualized approach to sentencing juveniles in homicide cases and consider factors which predict whether a juvenile is amenable to reform or beyond salvation.
In Miller, the Supreme Court reviewed its precedent in Roper and Graham, which established that “children are constitutionally different from adults for purposes of sentencing.”[3] Id. at 2464. Notable among these differences are “immaturity, impetuosity, and failure to appreciate risks and consequences.” Id. at 2468. Although the Court clarified that its decision does not foreclose a judge’s ability to impose a life-without-parole sentence on a juvenile convicted of homicide, the Court stressed the sentencing judge’s responsibility to “take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison.” Id. at 2469.
Appellant argues that the trial court failed to adequately consider his age and culpability when sentencing him to life in prison without the possibility of parole.
*1080 Although the record contains extensive testimony regarding appellant’s difficult childhood and other factors that may have lessened his culpability, the trial court’s comments when imposing the sentence were limited to the following:
Mr. Daugherty, the Court does believe that your remorse is genuine, does understand you behaved in court the entire time. I’ve heard today what a horrible and unfortunate upbringing that you’ve had, and that you found religion and you may, in fact, be a good person now. However, on that night, the things that were done to those three individuals were horrific. They were senseless crimes.
Mr. Pierre, I’ll start with him, is being chased around while you and Mr. Hooks are beating him. He’s a helpless old man. Then you go to Mr. Gaynor, not once, but once you hit him in the head, and then he sits up, and then you come back and kill him with a baseball bat. And then, if that wasn’t enough, a third time, you go out, and you go get Mr. Perez, and you go after him. It shows a total disregard for human life. It’s a waste of your life as well as theirs. And by your own words, you treated them like less than human, and it was demented and wrong what you did. So based on that, the Court sentences you to life.
Here, it appears that the trial court considered appellant’s remorse and his “horrible and unfortunate upbringing” before sentencing appellant to a term of life without parole. However, based on Miller, we remand this case to the trial court to conduct further sentencing proceedings and expressly consider whether any of the numerous “distinctive attributes of youth” referenced in Miller apply in this case so as to diminish the “penological justifications” for imposing a life-without-parole sentence upon appellant. Id. at 2458.
Our decision does not preclude the trial court from again imposing a life term without possibility of parole should the court upon reconsideration deem such sentence justified.

Affirmed in part; Reversed in part.

MAY, C.J. and CONNER, J., concur.

. Accordingly, our resolution of this issue will not be affected by the Florida Supreme Court's ultimate determination regarding the certified question in Haygood v. State, 54 So.3d 1035 (Fla. 2d DCA 2011), rev. granted, 61 So.3d 410 (Fla.2011).

. The co-defendant, who was also convicted of second degree murder, was sentenced to thirty years in prison.

. Roper v. Simmons, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005) (holding that the Eighth Amendment to the Constitution bars capital punishment for children); Graham v. Florida, -U.S. -, -, — , 130 S.Ct. 2011, 2034, 176 L.Ed.2d 825 (2010) (holding that the Eighth Amendment "prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide”).