PER CURIAM.
Leroy Mason, III, appeals the summary denial of his amended Rule 3.850 motion for post-conviction relief. We affirm.
On December 31, 1989, Mason shot and killed the unarmed victim with a sawed-off shotgun after the victim refused to comply with Mason’s demands during an attempted robbery. Mason was indicted for first-degree murder and attempted armed robbery. The State sought the death penalty.
In October, 1990, Mason entered a negotiated plea to second-degree murder, a lesser offense of first-degree murder, and received life in prison with a fifteen-year mandatory minimum as a habitual violent felony offender on this count.[1] Mason was seventeen years old (about a month shy of his eighteenth birthday) at the time he committed the murder. The court imposed a concurrent sentence of five years for the attempted robbery.
Mason filed the post-conviction motion at issue in August 2012, alleging that he was entitled to relief under Miller v. Alabama, - U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). He sought a new sentencing hearing on the murder count. Miller held that a sentencing scheme that requires a mandatory sentence of life in prison without possibility of parole for a juvenile violates the Eighth Amendment’s prohibition against cruel and unusual punishment.
The trial court agreed with the State’s response, which argued that the motion was untimely and that Miller did not apply retroactively to Mason’s conviction. Geter v. State, 115 So.3d 375, 376 (Fla. 3d DCA 2012); Gonzalez v. State, 101 So.3d 886 (Fla. 1st DCA 2012). The Florida Supreme Court is presently considering the retroactivity of Miller in Falcon v. State, 111 So.3d 973 (Fla. 1st DCA 2013) (certifying question), rev. granted, SC13-865 (Fla. June 3, 2013). We need not reach the retroactivity issue, however, because Miller does not apply to the circumstances of this case.
Mason was sentenced for second-degree murder, a first-degree felony punishable by a term of years up to life. § 782.04(2), Fla. Stat. (1989). The statute under which Mason was punished did not require mandatory life in prison without parole for this offense. Consequently, Miller does not apply. Starks v. State, 128 So.3d 91 (Fla. 2d DCA 2013) (holding that a discretionary life sentence for second degree murder did not violate Miller).
Mason’s amended motion and motion for rehearing cited Daugherty v. State, 96 So.3d 1076 (Fla. 4th DCA 2012), rev. dismissed, 118 So.3d 219 (Fla.2012). In that direct appeal, we remanded the case for the trial court to consider the “distinctive attributes of youth,” as discussed in Miller, in resentencing the defendant. Id. at 1080. That decision did not extend the holding of Miller, and we have not held that a life sentence may never be imposed on a juvenile. Miller did not categorically preclude sentencing a juvenile to life without possibility of parole:
Because that holding is sufficient to decide these cases, we do not consider Jackson’s and Miller’s alternative argument that the Eighth Amendment re *501 quires a categorical bar on life without parole for juveniles, or at least for those 14 and younger.... Although we do not foreclose a sentencer’s ability to make that judgment in homicide cases, we require it to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison.
132 S.Ct. at 2469. Miller found unconstitutional a sentencing scheme that precludes a trial court from considering the defendant’s youth in determining whether life without possibility of parole is appropriate. Here, Mason negotiated a plea to a lesser offense which did not mandate life without possibility for parole. Mason acknowledges in his filings that the trial court had discretion to impose a lesser sentence and opted against doing so. There is nothing in this record to suggest that the trial court was precluded from considering Mason’s youth when determining the sentence. Mason is not entitled to relief under Miller.
Mason’s filings also cite Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), and Roper v. Simmons, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005), but neither of these cases apply. Roper prohibits the death penalty for juveniles, and Graham applies to life without parole sentences for non-homicide offenses.

Affirmed.

TAYLOR, GERBER and CONNER, JJ., concur.

. Mason committed his offenses after enactment of the sentencing guidelines which abolished parole for noncapital felonies. See § 921.001(10), Fla. Stat. (1983) ("The provisions of chapter 947 [parole] shall not be applied to such person”); Stewart v. State, 549 So.2d 171, 175-76 (Fla.1989). Mason appears ineligible for parole. § 775.084(4)(e), Fla. Stat. (1989) (providing that the provisions of chapter 947 shall not be applied to a defendant sentenced as a habitual violent felony offender).