ON REMAND FROM THE SUPREME COURT OF FLORIDA

PER CURIAM.
This case is before us on remand from the Florida Supreme Court, which quashed our earlier decision reported at McCloud v. State, 53 So.3d 1206 (Fla. 5th DCA 2011). McCloud was charged with first-degree murder and the jury was also instructed on the lesser included offenses of second-degree murder, third-degree felony murder, and manslaughter by act. He was convicted of second-degree murder. He appealed the trial court’s faulty jury instruction on manslaughter by act. In this case, the lesser included offense of manslaughter by act was two steps re *475 moved from the second-degree murder conviction due to the inclusion of the felony murder charge in the jury instructions and on the verdict form. Accordingly, pursuant to the ruling in Haygood v. State, 109 So.3d 735 (Fla.2013), we have undertaken a harmless error analysis. See also Pena v. State, 901 So.2d 781 (Fla.2005). Based upon that analysis, we hold that the trial court’s error in instructing the jury on the lesser included offense of manslaughter by act was harmless. Accordingly, we affirm McCloud’s conviction and sentence for second-degree murder. See also, Daugherty v. State, 96 So.3d 1076 (Fla. 4th DCA 2012), rev. granted, No. SC13-1791, 2014 WL 1782824 (Fla.2014).
AFFIRMED.
TORPY, C.J., PALMER and LAWSON, JJ., concur.