# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT
### *July Term 2014*

**LEROY MACKEY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-1573

[July 23, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Krista Marx, Judge; L.T. Case No. 2007CF011641AXX.

Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Cynthia L. Comras, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant appeals the trial court's denial of his motion for a new trial with respect to his conviction for first-degree murder. Finding no error, we affirm the trial court's ruling as well as Appellant's conviction. The trial court's determination that the State did not present false testimony is supported by the record; accordingly, we affirm appellant's conviction without further discussion.

Appellant also asserts that, as he was a juvenile at the time of his offense, the trial court's imposition of a mandatory sentence of life imprisonment without parole is unconstitutional under *Miller v. Alabama,* —— U.S. ——, 132 S. Ct. 2455, 2464, 183 L. Ed. 2d 407 (2012). In *Miller,* the Supreme Court of the United States held that "*mandatory* life-without-parole sentences for juveniles violate the Eighth Amendment." *Id.* (emphasis added).

The State concedes that Appellant's sentence is unconstitutional. However, the State argues that the proper remedy is to resentence

Appellant to a term of life with the possibility of parole after 25 years based on the "principles of statutory revival." Two of our sister courts have accepted the State's position, and the Florida Supreme Court has granted review of the issue. *See Horsley v. State*, 121 So. 3d 1130 (Fla. 5th DCA 2013), *review granted*, No. SC13-1938, 2013 WL 6224657 (Fla. Nov. 14, 2013); *Rodriguez-Giudicelli v. State*, 39 Fla. L. Weekly D1089 (Fla. 2d DCA May 23, 2014).

Consistent with this court's decisions, as well as decisions of the First[1] and Third[2] District Courts of Appeal, we reverse and remand to the trial court "to conduct further sentencing proceedings and expressly consider whether any of the numerous 'distinctive attributes of youth' referenced in *Miller* apply in this case so as to diminish the 'penological justifications' for imposing a life-without-parole sentence upon appellant." *Daugherty v. State*, 96 So. 3d 1076, 1080 (Fla. 4th DCA 2012); *see also Juarez v. State*, 138 So. 3d 1094 (Fla. 4th DCA 2014); *Brighton v. State*, 39 Fla. L. Weekly D810 (Fla. 4th DCA Apr. 16, 2014). The trial court is "not preclude[d] . . . from again imposing a life term without possibility of parole should the court upon reconsideration deem such sentence justified." *Daugherty*, 96 So. 3d at 1080; *see also Thomas v. State*, 135 So. 3d 590, 593 (Fla. 1st DCA 2014) (Osterhaus, J., specially concurring) (noting with approval the trial court's *Miller* resentencing of a juvenile offender to a "substantial term of [forty] years without parole").

*Affirmed in part, reversed in part, and remanded.*

WARNER, FORST and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

---

[1] *See, e.g., Washington v. State*, 103 So. 3d 917 (Fla. 1st DCA 2012).
[2] *See, e.g., Hernandez v. State*, 117 So. 3d 778 (Fla. 3d DCA 2013).

2