KHOUZAM, Judge.
We affirm the denial of Jean Mazer’s motion to correct illegal sentence filed under Florida Rule of Criminal Procedure 3.800(a). The postconviction court denied Mazer’s motion as untimely based on then-binding precedent from other district courts. See Geter v. State, 115 So.3d 375, 376 (Fla. 3d DCA 2012); Gonzalez v. State, 101 So.3d 886, 888 (Fla. 1st DCA 2012). In those cases, the Third District and First District, respectively, determined that Miller v. Alabama, — U.S. —, 132 S.Ct. 2455, 2460, 183 L.Ed.2d 407 (2012) — which held that “mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment’s prohibition on ‘cruel and unusual punishments’ ” — did not apply retroactively. But subsequently, in Toye v. State, 133 So.3d 540 (Fla. 2d DCA 2014), we decided that Miller does apply retroactively to sentences that were final before Miller was rendered and we certified conflict with Geter and Gonzalez.[1]
*21 It would be our normal practice to reverse and remand for the postconviction court to reconsider the appellant’s motion, see, e.g., Figueroa v. State, 139 So.3d 964, 965 (Fla. 2d DCA 2014); Baker v. State, 138 So.3d 1175, 1176 (Fla. 2d DCA 2014), but the postconviction court also examined Mazer’s motion on the merits and determined that even if it applied to Mazer’s case, Miller did not preclude a sentence of life without parole for second-degree murder. First, because second-degree murder is a felony punishable by a term of years up to life in prison, see § 782.04(2), Fla. Stat. (1997), a life sentence was discretionary in Mazer’s case, not mandatory. See Starks v. State, 128 So.3d 91, 92 (Fla. 2d DCA 2013); Mason v. State, 134 So.3d 499, 500 (Fla. 4th DCA 2014). And second, the postconviction court examined the trial court record and concluded that the trial court exercised its discretion to depart from a guidelines sentence by considering certain information related to Mazer’s youth at the time he committed the offense. See Mason, 134 So.3d at 501; cf. Mackey v. State, — So.3d—, 2014 WL 3605552, 39 Fla. L. Weekly D1526 (Fla. 4th DCA July 23, 2014) (reversing and remanding for the trial court to expressly consider whether the distinctive attributes of youth diminished the penological justifications for imposing a sentence of life without parole on the appellant). Accordingly, we affirm the postconviction court’s denial of Mazer’s rule 3.800(a) motion.
Affirmed.
MORRIS and BLACK, JJ., Concur.

. The issue of whether Miller is to be applied retroactively is currently on review in the *21 Florida Supreme Court. Falcon v. State, 111 So.3d 973 (Fla. 1st DCA), review granted, 137 So.3d 1019 (Fla.2013).