# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D16-1830

———————————————

JULIAN LAMONT FOSTER,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

———————————————

On appeal from the Circuit Court for Duval County.
Waddell A. Wallace, Judge.

January 8, 2019

PER CURIAM.

On June 30, 1995, following a jury trial, Appellant was sentenced for six offenses committed while he was a juvenile. He moved for post-conviction relief as to two of his sentences contending that those sentences were unconstitutional pursuant to *Graham v. Florida,* 560 U.S. 48 (2010), and *Miller v. Alabama*, 567 U.S. 460 (2012).

In an order filed April 5, 2016, the trial court granted Appellant post-conviction relief in part and ordered that Appellant be resentenced on count twenty-one, armed robbery with a firearm, since Appellant's life sentence without parole for a nonhomicide offense was unconstitutional pursuant to *Graham*. The trial court denied Appellant's motion for post-conviction

relief to the extent that it challenged his life sentence for count 43, second-degree murder. The trial court ruled, consistent with then binding case law, that since the life sentence was discretionary not mandatory, *Miller* did not apply. *See Mazer v. State*, 152 So. 3d 20 (Fla. 2d DCA 2014), and *Mason v. State*, 134 So. 3d 499 (Fla. 4th DCA 2014), *disapproved of by Landrum v. State,* 192 So. 3d 459 (Fla. 2016).

Appellant appealed the denial of his post-conviction relief as to the second-degree murder sentence. The appeal was stayed by this court while the Florida Supreme Court considered *Landrum.* In *Landrum*, the Court noted that "*Miller* requires a sentencer to consider a juvenile offender's youth and attendant characteristics before determining that life without parole is a proportionate sentence." *Landrum,* 192 So. 3d at 465 *(*quoting *Montgomery v. Louisiana,* 136 S. Ct. 718, 735 (2016)). The Court in *Landrum* therefore reversed a discretionary sentence of life without possibility of parole following a conviction for second-degree murder.

As the State appropriately acknowledges, the holding in *Landrum* applies to Appellant's sentence for second-degree murder, and he is entitled to be resentenced.[*] We therefore reverse and remand for resentencing pursuant to *Landrum.*

REVERSED and REMANDED.

ROWE, BILBREY, and WINSOR, JJ., concur.

---

[*] During the pendency of the instant appeal, the trial court purported to grant on the authority of *Landrum* Appellant's motion to correct sentencing error filed pursuant to rule 3.800(b)(2), Florida Rules of Criminal Procedure. However, we have previously held that rule 3.800(b) "was designed for use only in a direct appeal from the sentence at issue." *Cooper v. State,* 919 So. 2d 516, 519 (Fla. 1st DCA 2005).

2

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Andy Thomas, Public Defender, Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Brooke Moody, Attorney General, Tallahassee, Kaitlin Weiss, Assistant Attorney General, for Appellee.