DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

RAFAEL A. CARRION,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D18-4289

_____

September 16, 2022

BY ORDER OF THE COURT:

Appellant's motion for rehearing and rehearing en banc, filed on October 6, 2021, are denied.  Appellant's motions for certification of question of great public importance to the Florida Supreme Court, filed on January 14, 2022, and May 23, 2022, are stricken as untimely.  However, upon sua sponte consideration,

IT IS ORDERED that the prior opinion dated September 22, 2021, is withdrawn, and the attached opinion is substituted therefor.  No further motions for rehearing will be entertained.

I HEREBY CERTIFY THE FOREGOING IS A TRUE COPY OF THE ORIGINAL COURT ORDER.


MARY ELIZABETH KUENZEL
CLERK

DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT
_____

RAFAEL A. CARRION,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D18-4289

_____

September 16, 2022

Appeal from the Circuit Court for Lee County, Nicholas R. Thompson, Judge.

Howard L. Dimmig, II, Public Defender, and Terrence E. Kehoe, Special Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Jonathan S. Tannen, Assistant Attorney General, Tampa, for Appellee.


PER CURIAM.

Rafael A. Carrion appeals his judgment and sentences rendered after a jury found him guilty of second-degree murder, aggravated manslaughter, and aggravated child abuse. We affirm

Mr. Carrion's convictions and sentences without further comment. We write only to address Mr. Carrion's argument that his judgment must be corrected to indicate that he was found guilty by a jury—an error that the State concedes. Because the issue Mr. Carrion raises was not preserved below, we affirm without prejudice to Mr. Carrion filing an appropriate postconviction motion below.

"[A] trial court may, at any time, correct clerical errors in its judgments." *Palmer v. State*, 300 So. 3d 1247, 1248 (Fla. 5th DCA 2020) (and cases cited therein). The question before us, however, turns on whether we may grant <u>any</u> relief from a clerical error in the judgment where the issue is raised for the first time on appeal.

With the express approval of the supreme court, we have already answered that question in the negative with respect to errors that are both unpreserved <u>and</u> not fundamental, explaining that pursuant to section 924.051(3), Florida Statutes, a defendant is foreclosed from even <u>raising</u> such an error for the first time on appeal. *See Thomas v. State*, 725 So. 2d 1148, 1149 (Fla. 2d DCA 1998) ("Because Thomas failed to seek correction of the scrivener's error in the trial court and because the error is not fundamental, he is precluded from raising this issue on appeal."), *approved*, 763 So.

2d 316 (Fla. 2000).[1]  And if a defendant is precluded from even

*raising* such an error, it follows that for us to respond even by

simply *noting* the error, let alone remanding to allow the trial court

to take any action on it, would improperly reward noncompliance

with that dictate.[2]

Here, the error "was not preserved either before this appeal by

objection in the trial court or while this appeal was pending by the

filing of a motion to correct sentencing error pursuant to Florida

Rule of Criminal Procedure 3.800(b)(2)."  *Perkins v. State*, 53 So. 3d

1141, 1141 (Fla. 2d DCA 2011); *see also Del Rosario v. State*, 306

So. 3d 327, 327 (Fla. 3d DCA 2020) (affirming appellant's conviction

and sentence without prejudice for appellant to file a rule 3.800(b)

---

[1] Although the scrivener's error at issue in *Thomas* appeared in a probation order, section 924.051(3) indicates that a "judgment" and an "order" are to be treated alike.  *See* § 924.051(3) ("An appeal may not be taken from a judgment or order unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error." (emphasis added)).

[2] As the special concurrence points out, nothing in the plain language of section 924.051(3) would seem to preclude us from sua sponte noting such an error in the course of our review of the record on appeal and remanding for the trial court to exercise its inherent authority to correct the error, but in light of *Thomas* we are nonetheless precluded from doing so here.

3

motion to correct error in sentencing order despite State's concession of error).[3]

While Mr. Carrion argues that the scrivener's error is an error in the written judgment and, as such, does not constitute a "sentencing" error that can be corrected by way of a rule 3.800(b) motion, we disagree. The court commentary to rule 3.800 expressly provides that "[a] scrivener's error in this context describes clerical

_____

[3] We acknowledge that there are cases where appellate courts have exercised their jurisdiction to include remanding with directions that the trial court correct a scrivener's error in a judgment; however, it is unclear from those cases whether a rule 3.800(b) motion had been filed below. *See, e.g., Devlin v. State*, 224 So. 3d 803, 804 (Fla. 2d DCA 2017) (remanding for the trial court to correct a scrivener's error in the judgment that incorrectly reflected the defendant was convicted of the wrong offense without mention of whether a rule 3.800(b) motion was filed); *Willingham v. State*, 48 So. 3d 173, 173 (Fla. 2d DCA 2010) (remanding for the trial court to correct a written judgment that erroneously indicated the defendant entered a no contest plea where the record revealed he was convicted after a jury trial); *Taylor v. State*, 242 So. 3d 1203, 1204 (Fla. 5th DCA 2018) (remanding to the trial court to correct a scrivener's error in the judgment, which failed to indicate the defendant was tried and found guilty by a jury); *Bartee v. State*, 741 So. 2d 644, 645 (Fla. 4th DCA 1999) (affirming the conviction and sentence but remanding for the trial court to enter a corrected judgment reflecting that the defendant was tried by a jury rather than that he "entered a plea of nolo contendere"). However, we distinguish those cases from the case before us where Mr. Carrion concedes that he has not filed a rule 3.800(b) motion with the trial court allowing the trial court the opportunity to correct the error.

or ministerial errors in a criminal case that occur in the written sentence, <u>judgment</u>, or order of probation or restitution."  Fla. R. Crim. P. 3.800 court's commentary to 1999 amendments (emphasis added).

The commentary then defines the term "scrivener's error" as "a mistake in the written sentence that is at variance with the oral pronouncement of sentence or the record but not those errors that are the result of a judicial determination or error" and cites a series of cases with examples of scrivener's errors falling under that definition—including two that specifically indicated corrections within a written judgment.  *Id.* (first citing *Allen v. State*, 739 So. 2d 166 (Fla. 3d DCA 1999) (remanding for the correction of a "scrivener's error" in the written order that adjudicated the appellant in contempt for "jailing polygraph exam" where the record revealed appellant was held in contempt for her failure to testify for the state pursuant to a trial subpoena); then citing *Florczak v. State*, 712 So. 2d 467, 467 (Fla. 4th DCA 1998) (remanding for correction of a "scrivener's error" where the appellant was acquitted of grand theft but the written judgment stated otherwise)); *see also Ashley v. State*, 850 So. 2d 1265, 1268 n.3 (Fla. 2003) (referencing

rule 3.800(b) and explaining "we have defined scrivener's error as those 'clerical or ministerial errors in a criminal case that occur in the written sentence, judgment, or order of probation or restitution' " (citing *Amends. to Fla. R. of Crim. P. 3.111(e) & 3.800 & Fla. R. App. P. 9.020(h), 9.140, & 9.600*, 761 So. 2d 1015, 1023 (Fla. 1999))).

The bottom line is that Mr. Carrion failed to preserve for appellate review his challenge to the scrivener's error in the written judgment, and he does not argue that the error is fundamental. Even if Mr. Carrion is correct that rule 3.800(b) does not afford him an opportunity to preserve such a challenge, this alone does not allow us to ignore the statute.

Accordingly, we affirm Mr. Carrion's judgment and sentences without prejudice to Mr. Carrion filing a motion to correct what the State concedes is a scrivener's error in the judgment.

To the extent that *Rivas v. State*, Case No. 5D21-1223, 2022 WL 1592481 (Fla. 5th DCA, May 20, 2022), which issued during the rehearing period in this case, is in conflict with our opinion, we certify conflict. Further, we certify the following question to the Florida Supreme Court:

DOES SECTION 924.051(3), FLORIDA STATUTES (2021),
OR THE COMMON LAW CONTEMPORANEOUS
OBJECTION RULE PROHIBIT AN APPELLATE COURT
FROM NOTING AN UNPRESERVED SCRIVENER'S
ERROR WHICH IS APPARENT ON THE FACE OF A
JUDGMENT OR SENTENCE AND FROM DIRECTING
THE TRIAL COURT TO CORRECT THE ERROR UPON
REMAND?

Affirmed.

ROTHSTEIN-YOUAKIM and SMITH, JJ., Concur.
ATKINSON, J., Concurs specially with opinion.


ATKINSON, Judge, Concurring in part.

I concur in the majority opinion insofar as it affirms the

judgment on appeal and denies relief. And I join in the certification

of the question of great public importance.

I agree that we must deny Carrion's request for correction of

the scrivener's error in the judgment because it was not preserved

for appellate review. However, I do not agree that such preservation

must or even can be effectuated by way of a motion to correct

sentencing error pursuant to Florida Rule of Criminal Procedure

3.800(b) because an error in a *judgment* is not a "sentencing error."

*See* Fla. R. Crim. P. 3.800(b) (allowing for the filing a "motion to

correct any *sentencing* error" (emphasis added)); *cf. Jackson v.*

7

*State*, 983 So. 2d 562, 566–67 (Fla. 2008) ("The rule was intended to permit preservation of errors in *orders entered as a result of the sentencing process*—in other words, errors in cost and restitution orders, probation or community control orders, or in the sentence itself. . . . If it is not a sentencing error, then when a defendant did not object at the time, no motion under rule 3.800(b) is necessary to preserve the issue for appeal; however, the appellate court must apply the stringent fundamental error standard." (emphasis added)); *see also Pifer v. State*, 59 So. 3d 225, 228 (Fla. 2d DCA 2011) (explaining that a sentencing error is one "in the sentence itself" and that "[r]ule 3.800(b) 'may be used to correct and preserve for appeal any error in an order entered as a result of the sentencing process—that is, orders related to the sanctions imposed.' " (quoting *Jackson*, 983 So. 2d at 574)).

Furthermore, upon remand after a direct appeal, a scrivener's error in neither a judgment *nor a sentence* can be corrected by way of rule 3.800(b), because such motion may only be filed before or during the pendency of a direct appeal. *See* Fla. R. Crim. P. 3.800(b)(1) (allowing a defendant to "file a motion to correct a sentencing error" "[d]uring the time allowed for the filing of a notice

8

of appeal of a sentence"); (b)(2) (allowing a defendant to file a "motion to correct a sentencing error" "[i]f an appeal is pending" but requiring it "to be served before the party's first brief is served"); *Perry v. State*, 849 So. 2d 324, 325 (Fla. 2d DCA 2003) (explaining that "[a] defendant is only entitled to file a rule 3.800(b)(2) motion during the direct appeal of a sentence" and noting that "rule 3.800(b), as a whole, is structured to apply only to a direct appeal of a sentence").

Unlike a "written sentencing order that deviates from the oral pronouncement of sentence," which "constitutes a 'sentencing error' subject to rule 3.800(b)" and which can also be rectified "by filing a legally sufficient motion pursuant to rule 3.800(a)," *Brown v. State*, 225 So. 3d 319, 320–21 (Fla. 3d DCA 2017), a mere scrivener's error in a sentence can only be corrected by way of a 3.800(b) motion before or during a direct appeal.  However, that has not stopped some courts from affirming a judgment and sentence "without prejudice to [an] appellant filing a timely motion to correct . . . [an unpreserved] scrivener's error."  *See Del Rosario v. State*, 306 So. 3d 327, 327 (Fla. 3d DCA 2020) (citing *Perkins v. State*, 53 So. 3d 1141, 1141 (Fla. 2d DCA 2011)); *Johnson v. State*, 954 So.

9

2d 702, 702-03 (Fla. 1st DCA 2007) ("Although the written sentence contains a scrivener's error, this Court cannot direct the trial court to correct the error because the issue was not preserved for appeal by the filing of a timely motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b). . . . [W]e affirm the appellant's judgment and sentence without prejudice to appellant's filing a timely motion for postconviction relief to correct the sentencing discrepancy.").  To the extent that courts have intended to suggest the availability of rule 3.800, such advice might lead a postconviction defendant astray.

While a 3.800(a) motion may be filed at any time, such motions may only be filed to correct an "illegal sentence"—that is, the "kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances," *Kittles v. State*, 31 So. 3d 283, 284 (Fla. 4th DCA 2010)—or an "incorrect calculation . . . in a sentencing score sheet." Fla. R. Crim. P. 3.800(a)(1).  And while it is conceivable that under some circumstances a scrivener's error in a sentence might *result in* an illegal sentence, a scrivener's error in a *judgment* could never constitute an illegal sentence.  *See* Rule 3.800(a) (allowing a court

10

"at any time [to] correct an illegal *sentence* imposed by it" (emphasis added)).

Carrion's judgment incorrectly indicates that he was convicted following entry of a guilty plea although he was convicted following a jury trial. Even if this error appeared in his sentence as opposed to his judgment, it would still be a scrivener's error unpreserved for appellate review and irremediable by a rule 3.800 motion upon remand. *Cf. Thomas v. State*, 763 So. 2d 316, 316 (Fla. 2000) ("[A]lthough [a scrivener's error in a revocation order] is a patent error, because the error has no quantitative effect on the sentence, it is not so serious that it should be corrected as fundamental error."); *Cooper v. State*, 919 So. 2d 516, 518–19 (Fla. 1st DCA 2005) ("Rule 3.800(b) provides an alternative method of preserving for review an alleged sentencing error, but it is clear that this procedure was designed for use only in a direct appeal from the sentence at issue.").

The question, then, is whether appellate courts have any authority to remedy an unpreserved scrivener's error in a judgment or sentence and from where such authority and its limitations derive. Section 924.051(3) prohibits appeals "taken from a

11

judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error." Yet that language does not explicitly prohibit appellate courts from hearing unpreserved arguments on appeal when, as here, an appellant has alleged at least one other error that has been properly preserved. The question is what can be done about such unpreserved errors. Section 924.051(3) provides that a "judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred and was properly preserved in the trial court or, if not properly preserved, would constitute fundamental error." But noting a scrivener's error in a judgment or sentence and directing the trial court to correct it upon remand does not constitute *reversal* of a judgment or sentence, which suggests that the statute allows such relief in an appeal in which another preserved and prejudicial error has been alleged. *But see Thomas v. State*, 725 So. 2d 1148, 1149 (Fla. 2d DCA 1998) (citing section 924.051 in support of the conclusion that because the appellant "failed to seek correction of the scrivener's error in the trial court and because the error is not

12

fundamental, he is precluded from raising this issue on appeal" even though a preserved error was also alleged).

However, the language of case law governing the requirement to preserve errors for appellate review would suggest that an appellant can neither seek nor obtain appellate relief to correct an unpreserved scrivener's error. *See State v. Jefferson*, 758 So. 2d 661, 664–66 (Fla. 2000) (explaining that "the contemporaneous objection rule posed a procedural bar that generally prevented defendants from raising issues on appeal that had not been first presented to the trial court, absent fundamental error" and concluding that section 924.051(3) does not "limit the appellate courts' subject matter jurisdiction in the area of criminal appeals" but rather "merely codif[ies] the existing procedural bars to appellate review"). The language of recorded opinions is typically either restrictive of an appellant's *right to assert* unpreserved error or a court's *authority to review* such an error or the authority to *grant reversal*—or all of the above. *See, e.g., State v. Osvarth*, 661 So. 2d 1252, 1254 (Fla. 3d DCA 1995) ("[A]n appellate court *must 'confine the parties litigant to the points raised* and determined in the court below, and *[must] not [] permit the presentation of points, or*

13

*objections for the first time* in [the appellate] court . . . ." (emphasis added) (alterations in original) (quoting *Hartford Fire Ins. Co. v. Hollis*, 58 So. 985, 989 (1909)); *Baptiste v. State*, 324 So. 3d 453, 454 (Fla. 2021) ("Generally, an alleged error is *not reviewable* on direct appeal unless the record reflects that trial counsel preserved the issue . . . ." (emphasis added)); *Keech v. Yousef*, 815 So. 2d 718, 720 (Fla. 5th DCA 2002) ("The failure to preserve an issue for appellate review constitutes a waiver of the right *to seek reversal* based on that error. . . . 'Florida courts have traditionally held that questions not timely raised and ruled upon in the trial court *will not be considered* on appeal.' " (emphasis added) (quoting *Jefferson*, 758 So. 2d at 665)).

As such, *allowing presentation* of an unpreserved scrivener's error that is not fundamental and *reviewing* such error could run afoul of case law expositing the proscriptions of the contemporaneous objection rule. *See, e.g., Steinhorst v. State*, 412 So. 2d 332, 338 (Fla. 1982) ("Except in cases of fundamental error, an appellate court *will not consider* an issue unless it was presented to the lower court. . . . Furthermore, in order for an argument *to be cognizable* on appeal, it must be the specific contention asserted . . .

14

below." (emphasis added)).  Granting relief constituting a *reversal* based upon such error is out of the question.  *See* § 924.051(3); *Noetzel v. State,* 328 So. 3d 933, 945 (Fla. 2021) ("[W]here . . . the errors alleged on appeal were not preserved, *reversal is warranted only if* the defendant establishes fundamental error."  (emphasis added)).  Where does that leave *noting* an unpreserved scrivener's error in a judgment or sentence and *directing a trial court's attention to* such an error—an unavoidable, even if unintended, consequence of merely stating in an appellate opinion that the court is powerless to grant relief related to such error?

As the majority notes, a court has authority to "correct clerical mistakes in its own judgments and records."  *See Palmer v. State,* 300 So. 3d 1247, 1248 (Fla. 5th DCA 2020) (citing *Rodgers v. State,* 934 So. 2d 1207, 1221 (Fla. 2006)); *cf.* Fla. R. Civ. P. 1.540(a) ("Clerical mistakes in judgments, decrees, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party . . . ."); *Averett v. State,* 10 So. 3d 1135, 1135 (Fla. 4th DCA 2009) ("With respect to . . . [his claim] that the judgment did not properly reflect the title and statute number of the

15

offense for which he was charged . . . , and to which he entered a negotiated plea, we affirm without prejudice to his filing a motion to correct a scrivener's error pursuant Florida Rule of Civil Procedure 1.540(a)."). Until such time as an appellate court's proper course of action regarding a trial court's unpreserved scrivener's error is clarified by statute, rule, or Florida Supreme Court opinion, perhaps nothing more than that need—or should—be said.

———————————————

Opinion subject to revision prior to official publication